UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOULEYMANE BAH, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ANTONE MONIZ et al., ) <br> ) <br> Respondents. ) <br> ) | Civil No. 25-13399-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

November 19, 2025

SOROKIN, J.

    Souleymane Bah, a citizen of Guinea who is presently in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241.  His petition is ALLOWED as described below.

    Two years ago, Bah entered the United States without inspection and was promptly arrested by Customs and Border Protection ("CBP") officers.  Doc. No. 1 ¶¶ 1, 26–27.  He claimed a fear of returning to Guinea based on his membership in a marginalized ethnic group and an opposition political party, citing prior arrests, beatings, and even a machete attack he survived.  Id. ¶ 26.  Thus, on November 8, 2023, CBP released him subject to an Order of Release on Recognizance issued pursuant to 8 U.S.C. § 1226, Doc. No. 1-5, with instructions on how to "file affirmatively for asylum" rather than face immediate removal proceedings, Doc. No. 1 ¶ 28.  Thereafter, Bah hired counsel, filed an asylum application, and received a five-year work authorization.  Id. ¶¶ 2, 28–29.  His asylum application remains pending.

On November 13, 2025, Bah was arrested by Immigration and Customs Enforcement ("ICE") officers when he appeared as required for a regular check-in appointment. Id. ¶ 3. He is now detained at Plymouth County Correctional Facility. Id. ¶ 4.

The day of his arrest, Bah instituted this action by filing a habeas petition. Doc. No. 1. The petition raises a core challenge that echoes those alleged by petitioners in other cases this Court has recently decided. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. The respondents answered the petition today. In an abbreviated memorandum, they "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases. Doc. No. 7 at 1. Though they "reserve all rights to appeal," they incorporate their earlier briefing and suggest no further argument is necessary before the Court renders a decision. Id. at 1 & n.3.

The Court adheres to its prior reasoning—reasoning which at least a dozen judges in this District have now adopted and applied repeatedly and consistently—and concludes that Bah is not subject to mandatory detention under 8 U.S.C. § 1225(b). See also, e.g., Oliveira Gomes v. Hyde, No. 25-cv-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025) (slip copy); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (slip copy) (collecting cases from different districts reaching same conclusion). Thus, he is entitled to habeas relief.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release Bah unless he is provided a bond hearing under 8 U.S.C. § 1226(a)

2

within seven days of this Order;[1] and 2) the respondents shall not retaliate against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[1] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).